CHRISTENSEN, Administrator, Appellant, vs. CHRISTOPHER, Respondent.

*May 21—June 17, 1914.*

*Gifts* causa mortis: *Certificates of deposit: Evidence: Sufficiency: Executors and administrators: Judgment.*

1. In an action of replevin brought by an administrator to recover certificates of deposit which had belonged to his intestate, testimony of the defendant and her daughter (with whom the intestate was boarding and who took care of him in his illness), corroborated by other evidence tending to show that he did not wish his children to have his property, is *held* to sustain a finding by the trial court to the effect that, after suffering a stroke of paralysis which caused his death three days later, the intestate made a valid gift to defendant of said certificates.

2. In an action brought by an administrator, a judgment that the defendant "recover from the plaintiff" six cents damages and the costs of action is construed as a judgment against plaintiff as administrator and not individually.

APPEAL from a judgment of the circuit court for Polk county: FRANK A. ROSS, Circuit Judge. *Affirmed.*

This is an action for replevin brought by *Henry Christensen* as administrator of the estate of Nels Christensen, deceased, to secure property from the defendant upon the ground that she unlawfully held and detained certificates of deposit, the property of the plaintiff as administrator of the estate of the deceased. Judgment was rendered in favor of

the defendant for six cents damages and for costs.    This is an appeal from such judgment.

*Morris E. Yager,* for the appellant.

For the respondent there was a brief by *McNally & Doar,* and oral argument by *W. F. McNally.*

SIEBECKER, J.    Nels Christensen suffered a stroke of paralysis on May 4th which caused his death on May 7, 1912. At this time the deceased was living with the defendant and had theretofore lived and roomed at defendant's house, as she testifies, "off and on for eleven years."    He had a room and boarded there, paying $12 per month.    *Mrs. Christopher* took care of him while sick at the time of his death and had done so before.    Shortly before his death decedent had secured two certificates of deposit from the Bank of St. Croix Falls, one amounting to $100 and another to $1,200.    His other property consisted of a purse containing a $20 gold piece and some small change.    He had placed these and his personal effects in the defendant's possession for keeping.

He was stricken with paralysis about 9 or 9:30 o'clock in the evening.    The defendant's husband, upon discovering that the decedent had been so stricken, immediately procured the attendance of a doctor.    The defendant and her daughter, Sirene, sixteen years of age, waited on decedent before the doctor arrived.    The daughter testified that he made a mumbling noise trying to say something and in a stammering way uttered the word "papers;" that she then told her mother that he wanted his papers and her mother told her to get them, which she did; that these consisted of the above mentioned certificates and his naturalization papers; that his purse, containing a $20 gold piece, was with them; that her mother handed all of the papers and the purse to him; that he took the naturalization papers out of the envelope and looked at them and put them aside and then took the certificates out of an envelope, handed them over to *Mrs. Chris-*

*topher* by placing them in her right hand and placing her left hand over them; that defendant then asked him if they were to be hers and that he nodded and uttered the word "Ya," meaning "Yes" in Danish; and that her mother then said "I accept them." A few minutes later the doctor arrived and took charge of him. It was also shown in testimony that he had stated to two or three persons that when he died he did not want his family to have any of his property, and that he wished those with whom he lived to have it. There was also testimony to the effect that decedent had stated that he wanted to move from his boarding place, as he was watched too closely by the defendant. After his death on May 7th proceedings were had in the county court and *Henry Christensen* was made administrator of the estate and demanded the certificates of deposit then in the possession of the defendant, which she refused to give up, claiming that she was the rightful owner of such certificates as donee under the gift made by decedent. A jury trial was waived by both parties and the action was tried by the circuit court. The court found the following facts:

"4. That the payee named in said certificates died on May 7, 1912, but that prior to his death, being then the lawful owner of said certificates, he made a valid gift thereof to the defendant, which said gift was duly accepted by the defendant prior to such death of said payee."

An examination of the record discloses that the court relied upon the defendant and her daughter, who testified to the acts and circumstances of the making of the gift. Their evidence is corroborated by the evidence tending to show that decedent did not want his children to have the property. This evidence is opposed only by the opinion testimony of the doctors, one of whom attended decedent within from fifteen to twenty minutes after decedent was observed in his bed by the defendant's husband suffering from a stroke of paralysis. The doctors testified that in their opinion de-

cedent was mentally and physically incapacitated from doing the acts and uttering the words which defendant and her daughter testified he did and uttered at the time the gift is claimed to have been made.   The trial court saw the defendant and her daughter on the witness stand and heard them when they testified and was much better informed as to the credibility and the weight of their evidence than this court can be from the printed record.   Giving due weight to the trial court's conclusion upon the evidence, it is clear that his finding of the facts is amply sustained in the record.

It is suggested that the judgment is erroneously entered against the plaintiff individually.   The record shows that the plaintiff is prosecuting the action as administrator, and the court nowhere in the record suggests that the plaintiff is personally liable in the prosecution of this action.   It is manifest that the judgment is one against the plaintiff as administrator of the estate of Nels Christensen, deceased, and that it is not intended to be one against the plaintiff individually.

*By the Court.*—The judgment appealed from is affirmed.